UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

MARY K,
    Plaintiff,

v.

NANCY BERRYHILL, Acting
Commissioner, Social Security
Administration,
    Defendant.

C.A. No. 17-278-JJM-PAS

MEMORANDUM AND ORDER

JOHN J. MCCONNELL, JR., United States District Judge.

Plaintiff Mary K[1] appeals the decision of the Commissioner of the Social Security Administration denying her benefits. For the following reasons, the Court GRANTS Ms. K's motion to reverse and/or remand and DENIES the Commissioner's motion to affirm.

I.    BACKGROUND

Ms. K is a fifty-four-year-old divorced woman who lives in her brother's house and receives food stamps for sustenance. She has completed the ninth grade and has not obtained a GED. Since at least 2002, Ms. K did work at a table in the shipping department of a jewelry company. Her onset of disability began in November 2013, when she had to leave work because she would often fall asleep unexpectedly. She also suffers from anxiety and depression.

---

[1] Because this opinion deals with personal and medical issues, the Court will use "Ms. K" as a pseudonym.

For many years, Ms. K sought various medical treatments for migraines, depression, anxiety, chronic fatigue, and narcolepsy. She treated with internists, a licensed clinical social worker, a psychologist, and a psychiatrist.[2] Her internist diagnosed her with "chronic fatigue syndrome, depressive disorder, insomnia, malaise and fatigue, [and] narcolepsy." Ms. K reported falling asleep four times or more per day, despite getting a full night's sleep. She would even fall asleep while standing up. She was unable to maintain employment.

Ms. K filed a claim for Social Security Disability Insurance and Supplemental Security Income. The Administrative Law Judge ("ALJ") denied her claim determining that Ms. K has no physical or mental impairments that she considered severe at Step 2 of the sequential evaluation. The Appeals Council affirmed the decision and Ms. K appealed to this Court.

II. STANDARD OF REVIEW

A district court's role in reviewing the Commissioner's decision is limited. "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). The determination of substantiality must be made upon an evaluation of the record as a whole. The Court "must uphold the Secretary's findings . . . if a reasonable mind, reviewing the evidence in the record as a whole, could accept it as adequate to support his conclusion." *Rodriguez v. Sec'y of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981). The Supreme Court has defined substantial evidence as "more than a

---

[2] Ms. K lost her insurance in 2013 and was unable to continue treatment with her social worker. This also forced her to delay treatment with her internist.

2

mere scintilla." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

In reviewing the record, the Court must avoid reinterpreting the evidence or otherwise substituting its own judgment for that of the Secretary. *See Colon v. Sec'y of Health & Human Servs.*, 877 F.2d 148, 153 (1st Cir. 1989). The "resolution of conflicts in the evidence is for the Secretary, not the courts." *Irlanda Ortiz v. Sec'y of Health & Human Servs.*, 955 F.2d 765, 769 (1st Cir. 1991).

"The First Circuit has stated that courts should ensure 'a just outcome' in Social Security disability claims." *Santa v. Astrue*, 924 F. Supp. 2d 386, 391 (D.R.I. 2013) (quoting *Pelletier v. Sec'y of Health, Educ. & Welfare*, 525 F.2d 158, 161 (1st Cir. 1975)). "[T]he Social Security Act is to be construed liberally to effectuate its general purpose of easing the insecurity of life." *Rodriguez v. Celebrezze*, 349 F.2d 494, 496 (1st Cir. 1965); *see also Cohen v. Sec'y of Dep't of Health & Human Servs.*, 964 F.2d 524, 531 (6th Cir. 1992) ("[I]t is well to bear in mind that '[t]he Social Security Act is a remedial statute which must be "liberally applied."'" (second alteration in original) (quoting *Marcus v. Califano*, 615 F.2d 23, 29 (2d Cir. 1979))); *Slessinger v. Sec'y of Health & Human Servs.*, 835 F.2d 937, 943 (1st Cir. 1987) ("[T]he Social Security Act should be construed liberally in order to further its remedial purposes." (citing *Cunningham v. Harris*, 658 F.2d 239, 243 (4th Cir. 1981))). The *Cunningham* court explained that

> [W]e are also bound to interpret the Social Security Act as a program of social insurance on which people can rely to provide for themselves and their dependents. Claimants are the beneficiaries of insured wage earners, not recipients of government gratuities, and are entitled to a

3

broad construction of the Act. In practical terms, when a Social Security Act provision can be reasonably interpreted in favor of one seeking benefits, it should be so construed.

658 F.2d at 243 (citations omitted).

III. DISCUSSION

Ms. K first asserts that the ALJ erred by "failing to find that any of [Ms. K's] medically determinable impairments were 'severe' as that term is used at Step 2 of the Sequential Evaluation." ECF No. 11-1 at 1. She details that her narcolepsy was a medically determinable impairment and that her anxiety and depression were severe impairments. Second, she asserts that substantial evidence does not support the ALJ's findings regarding the weight assigned to the opinion evidence. Notably, the ALJ rejected all of the examining source opinions, including that of the state agency examining psychologist. Finally, Ms. K asserts that the ALJ failed to develop fully the record by not obtaining a current medical source opinion.

Ms. K's burden of proof at Step 2 is to show that her physical or mental impairments or combination of impairments had more than just a slight impact on her ability to work. *See McDonald v. Sec'y of Health & Human Servs.*, 795 F.2d 1118, 1124 (1st Cir. 1986). She had to meet this *de minimis* burden by a preponderance of the evidence. Despite this extremely low Step 2 threshold, the ALJ determined that Ms. K's diagnosis of narcolepsy was not medically determinable. Further, she determined that while Ms. K had two medically determinable impairments—affective disorder and anxiety disorder—neither was a severe impairment.

For various reasons, the ALJ rejected the opinions of all of Ms. K's health care providers and the state's own examining psychologist. Instead, she relied exclusively

4

on non-examining state agency physicians' opinions who opined that Ms. K's anxiety and depression were not severe and that her narcolepsy was not medically determinable.

The problem with the ALJ's reliance on these non-examining doctors in this case is that they did not have a complete record upon which to render their opinions. Ms. K had added an additional 191 pages of highly relevant medical evidence to her file that was not available to the reviewing psychologists.[3] The non-examining doctors, then, could not have thoroughly reviewed the relevant evidence because they did not have all of it before them.[4]

The Court does not know whether the non-examining state agency physicians would have rendered the same Step 2 opinions if they had all of the medical evidence. But it is especially noteworthy that all of Ms. K's treating health care providers, and the state agency examining psychologist, came to a different conclusion.[5]

---

[3] Moreover, there was new and material evidence added to the record while the claim was before the Appeals Council that was consistent with the other evidence. This should have resulted in a remand for the ALJ's further consideration.

[4] Neither of the non-examining state agency psychologists had access to any of the treatment notes of Ms. K's therapist, Michael Heffernan, LICSW, which would be essential to rendering a sound opinion as to whether her anxiety and depression would clear the *de minimis* Step 2 hurdle. These notes were among the 191 pages of evidence submitted after their review of Ms. K's claim.

[5] Furthermore, by relying only on the opinions of doctors who did not have access to the supplemental materials, the ALJ effectively injected her own medical judgment about the quantity and quality of that evidence. But with "few exceptions . . . an ALJ, as a lay person, is not qualified to interpret raw data in a medical record." *Manso-Pizarro v. Secretary of HHS*, 76 F.3d 15, 17 (1st Cir. 1996).

The ALJ and the Appeals Council each have the duty to investigate the facts and develop the arguments both for and against granting benefits. *Sims v. Apfel*, 530 U.S. 103, 110–11 (2000); *see Miranda v. Sec'y of Health, Educ. & Welfare*, 514 F.2d 996, 998 (1st Cir. 1975). Here, neither the ALJ nor the Appeals Council corrected the Step 2 error by having the state agency experts review the entire record. "The Secretary's findings of fact are conclusive if supported by substantial evidence," 42 U.S.C. § 405(g), and basing a decision on expert opinions that have not considered the entire record renders the decision unsupported by substantial evidence.

IV.   CONCLUSION

The ALJ's order denying Ms. K's claim was not based on substantial evidence because she relied exclusively on non-examining state agency witnesses who did not have the entire record before them when forming their opinions, to the exclusion of all the treating health care providers' opinions. The Court remands this matter to the Commissioner for further action in conformity with this order.

Therefore, the Court GRANTS Ms. K's Motion to Reverse and/or Remand (ECF No. 11) and DENIES the Commissioner's Motion for an Order Affirming the Decision (ECF No. 14).

IT IS SO ORDERED.

/s/ John J. McConnell, Jr.

John J. McConnell, Jr.
United States District Judge

July 30, 2018

6